THE STATE OF OHIO, APPELLANT, *v.* WILSON, APPELLEE.

[Cite as *State v. Wilson,* 129 Ohio St.3d 214, 2011-Ohio-2669.]

*Criminal law — When a cause is remanded to a trial court to correct an allied-offenses sentencing error, the trial court must hold a new sentencing hearing for the offenses that remain after the state selects which allied offense or offenses to pursue — A defendant is not barred by res judicata from raising objections to issues that arise in a resentencing hearing, even if similar issues arose and were not objected to at the original sentencing hearing.*

(No. 2010-0897 — Submitted April 5, 2011 — Decided June 8, 2011.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 91971, 2010-Ohio-1196.

_____

SYLLABUS OF THE COURT

1. When a cause is remanded to a trial court to correct an allied-offenses sentencing error, the trial court must hold a new sentencing hearing for the offenses that remain after the state selects which allied offense or offenses to pursue.

2. A defendant is not barred by res judicata from raising objections to issues that arise in a resentencing hearing, even if similar issues arose and were not objected to at the original sentencing hearing.

_____

MCGEE BROWN, J.

{¶ 1} This is an appeal from a judgment entered by the Eighth District Court of Appeals that vacated a defendant's sentences and remanded the cause with instructions to conduct a new sentencing hearing at which the state would

elect which of the offenses to pursue for sentencing. We affirm the judgment of the court of appeals and hold that on a remand for resentencing based on an allied-offenses error, the trial court is not limited to merely accepting the prosecution's election among allied offenses. Instead, once the prosecutor makes his selection, the trial court is required to hold a new sentencing hearing to impose sentences for the remaining offenses.

## Background

{¶ 2} Appellee, Joseph Wilson, was tried before a jury and found guilty on three counts: aggravated robbery, felonious assault, and kidnapping. The offenses arose from an incident in which Wilson and five or six other people robbed and beat a man.

{¶ 3} The trial court imposed a sentence of ten years for the aggravated-robbery conviction, eight years for the assault conviction, and seven years for the kidnapping conviction. The trial court ordered that the sentences be served consecutively, for a total of 25 years.

{¶ 4} On appeal, Wilson argued to the Eighth District Court of Appeals that the three offenses for which he was convicted were allied offenses of similar import and thus should have been merged into one offense for sentencing. Wilson also argued that his sentence was inconsistent with the sentences imposed upon his codefendants and that the trial judge's statements during his sentencing hearing indicated judicial bias.

{¶ 5} Pursuant to R.C. 2941.25 and related jurisprudence from this court, the court of appeals held that kidnapping and felonious assault were allied offenses of similar import, that kidnapping and aggravated robbery were allied offenses of similar import, and that the facts developed at trial indicated that Wilson did not have a separate animus for committing the kidnapping. The court of appeals also held that felonious assault and aggravated robbery were not allied

offenses of similar import and concluded that those two offenses were not subject to merger.

{¶ 6} Relying on this court's decision in *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, the court of appeals vacated Wilson's sentence and remanded the matter for a new sentencing hearing at which the prosecutor would have the opportunity to elect which of the allied offenses he wanted to pursue for sentencing. The appellate court dismissed Wilson's assignments of error regarding judicial bias and sentencing disparity as moot, given its decision to vacate the sentences imposed for all three of Wilson's convictions and remand the matter for a new sentencing hearing. The appellate court noted that judicial bias and proportionality of sentencing were issues that could be raised in the trial court during resentencing.

{¶ 7} We accepted discretionary review of the state's appeal, 126 Ohio St.3d 1544, 2010-Ohio-3855, 932 N.E.2d 338. The state interprets *Whitfield* to hold that the scope of a resentencing judge's authority upon a remand to correct an allied-offenses sentencing error is limited to accepting the state's election among allied offenses, and it argues that res judicata precludes Wilson from requesting the judge's disqualification and from objecting to the resulting sentence as disproportionate. We reject the state's interpretation of *Whitfield* and its res judicata argument. When a cause is remanded to a trial court to correct an allied-offenses sentencing error, the trial court must hold a new sentencing hearing for the offenses that remain after the state selects which allied offense or offenses to pursue. A defendant is not barred by res judicata from raising objections to issues that arise in a resentencing hearing, even if similar issues arose and were not objected to at the original sentencing hearing.

**Analysis**

*Scope of a Resentencing Hearing After a Remand for an*
*Allied-Offenses Sentencing Error*

**{¶ 8}** Ohio's multiple-count statute, R.C. 2941.25, provides the following:

**{¶ 9}** "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

**{¶ 10}** "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

**{¶ 11}** The General Assembly enacted R.C. 2941.25 to limit when multiple punishments may be imposed for offenses arising from the same conduct. The state concedes that the limitations provided by R.C. 2941.25 apply in this case, that kidnapping and felonious assault, as well as kidnapping and aggravated robbery, are allied offenses of similar import, and that there was no proof of separate animus. The state thus concedes that the sentencing decision included an allied-offenses error. The primary issue before this court is whether on a remand for an allied-offenses sentencing error, the trial court's authority is limited to accepting the state's merger selection, or whether the court can hold a new sentencing hearing after the merger is performed. The state contends that a trial court has limited authority on remand, pursuant to *Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182.

**{¶ 12}** In *Whitfield*, one of the questions before this court was the proper procedure for an appellate court to follow upon finding a violation of R.C. 2941.25 in the trial court's judgment entry of sentence. The trial court had imposed separate sentences for drug-possession and for drug-trafficking offenses, and the appellate court found reversible error in the court's failure to merge the

4

two allied offenses. *Whitfield* at ¶ 2-3. As a remedy, the appellate court reversed only the portion of the judgment related to the drug-possession charge, and instructed the trial court to vacate the drug-possession conviction on remand. Id. at ¶ 4. On appeal to this court, we noted that "for purposes of R.C. 2941.25, a 'conviction' consists of a guilty verdict *and* the imposition of a sentence" (emphasis sic), id. at ¶ 12, and we explained that the proper remedy for an allied-offenses sentencing error was for the appellate court to "reverse the judgment of conviction and remand for a new sentencing hearing at which the state must elect which allied offense it will pursue against the defendant," id. at paragraph two of the syllabus.

**{¶ 13}** *Whitfield* makes clear that it is the state that determines which offense to pursue at sentencing and that there is nothing indicating that the General Assembly intended to remove the state's discretionary power upon reversal for an allied-offenses sentencing error. Id. at ¶ 20-21. Since the remedy for an allied-offenses sentencing error requires that the state exercise its discretion, *Whitfield* held, a reviewing court may not unilaterally correct the error by modifying the sentence. Id. at ¶ 22. Although *Whitfield* limits a reviewing court in this manner, it does not limit it to remanding for the sole purpose of vacating the sentence of the state's choosing. Instead, the appellate court's remand requires the trial court to conduct a new sentencing hearing. At the hearing, the trial court must accept the state's choice among allied offenses, "merge the crimes into a single conviction for sentencing, * * * and impose a sentence that is appropriate for the merged offense." Id. at ¶ 24, citing *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 41.

**{¶ 14}** The foregoing remedy comports with the requirements of R.C. 2941.25, as well as the felony-sentencing statutes. Pursuant to R.C. 2953.08(G)(2), an appellate court may vacate a sentence and remand for a new sentencing hearing if the sentence is contrary to law. *State v. Saxon*, 109 Ohio

St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, at ¶ 4. A sentence that contains an allied-offenses error is contrary to law. R.C. 2953.08(A)(4). See also *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 26. Thus, the Eighth District had the authority to vacate Wilson's sentences that were affected by the allied-offenses error and remand the matter for a new sentencing hearing.

{¶ 15} A remand for a new sentencing hearing generally anticipates a de novo sentencing hearing. R.C. 2929.19(A). However, a number of discretionary and mandatory limitations may apply to narrow the scope of a particular resentencing hearing. For example, the parties may stipulate to the sentencing court's considering the record as it stood at the first sentencing hearing. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37. In a remand based only on an allied-offenses sentencing error, the guilty verdicts underlying a defendant's sentences remain the law of the case and are not subject to review. *Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, at ¶ 26-27. Further, only the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review. *Saxon* at paragraph three of the syllabus.

{¶ 16} Contrary to the state's assertions, the decision to order a new sentencing hearing for all of Wilson's offenses is easily reconcilable with this court's precedent in cases such as *Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824. *Saxon* rejected the federal sentencing-package doctrine, which allows the modification or vacation of all the sentences imposed for multiple offenses, even when there is an appeal from only one of the sentences imposed, "due to the interdependency of the sentences for each offense." *Saxon* at ¶ 6, citing *United States v. Clements* (C.A.6, 1996), 86 F.3d 599, 600-601.

{¶ 17} In *Saxon*, the trial court exceeded the maximum sentence allowed by statute for one offense but not another offense, and the appellant took issue

with only the former on appeal. The appellate court vacated both sentences and remanded the matter to the trial court for resentencing. Id. at ¶ 3. This court reversed, holding that a reviewing court can vacate only the sentence from which an appellant appealed and cannot vacate "the entire multiple-offense sentence based upon an appealed error in the sentence for a single offense." *Saxon* at paragraph three of the syllabus. Our *Saxon* holding does not affect the outcome of the present case. The issue in *Saxon* was "whether an appellate court may modify or vacate the entire multiple-offense sentence when a defendant assigns as error the sentence as to only one or more of those offenses but not the entire multiple-offense sentence." Id. at ¶ 1. The same issue could not be raised here, because the appealed sentencing error affects Wilson's sentences for all three offenses.

{¶ 18} The sentences imposed for Wilson's kidnapping, felonious-assault, and aggravated-robbery convictions must be remanded so that the state can select which offenses it wants to pursue for sentencing: the counts of felonious assault and aggravated robbery, or the count of kidnapping. Pursuant to *Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, the trial court must accept the state's selection, merge the offenses accordingly for the purposes of sentencing, and impose a sentence that is appropriate for the remaining offense or offenses. Given the foregoing, the appellate court properly vacated all three of Wilson's sentences and remanded the matter to the trial court for a new sentencing hearing.

*Res Judicata*

{¶ 19} As a secondary issue, the state asserts that the court of appeals erred in its determination that sentencing proportionality and judicial bias could be raised before the trial court during resentencing proceedings. We disagree with the state.

{¶ 20} At the close of Wilson's original sentencing hearing, the trial court made the following comments:

{¶ 21} "This was a — — just a random attack of unusual viciousness in a neighborhood known for its tranquility.

{¶ 22} "Why did this happen [sic], is for many years, people in this community have been having children and not raising them.

{¶ 23} "If you're not married, you don't have a high school diploma, and you don't have a job that would support a family, don't have one.

{¶ 24} "This is what happens when kids are raised on the streets without parents. They have little concern for themselves and their future, and they have no concern for anyone else.

{¶ 25} "* * *

{¶ 26} "The knee of Mr. McDermott will never fully recover. It's my hope that the Ludlow community does.

{¶ 27} "However, that won't happen unless people stop having children, and not raising them.

{¶ 28} "* * *

{¶ 29} "* * * I want this sentence to send a message to all the other little punks out there in our county, and in this area of the state, the goonies, the guys that shoot policemen, all the other heartless, young, parentless punks like you who might consider doing this to somebody else; I want to send a message that there's going to be a price to pay."

{¶ 30} The doctrine of res judicata establishes that "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, at paragraph nine of the syllabus. The scope of an appeal from a new sentencing hearing is limited to issues that arise at the new

sentencing hearing. See *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 40. The doctrine of res judicata does not bar a defendant from objecting to issues that arise at the resentencing hearing or from the resulting sentence.

{¶ 31} The scope of Wilson's new sentencing hearing will include the trial court's consideration of R.C. 2929.11 when fashioning the new sentence. Although no specific findings need to be placed on the record by the trial court, R.C. 2929.11(B) does require the trial court to consider whether the sentence is "consistent with sentences imposed for similar crimes committed by similar offenders." Once the trial court fashions a new sentence at the resentencing hearing, Wilson is not precluded from objecting to that sentence and claiming that it is inconsistent with the sentences imposed on similarly situated defendants.

{¶ 32} The doctrine of res judicata also will not preclude Wilson from raising the issue of judicial bias. Pursuant to R.C. 2701.03(A), a defendant may raise the issue of judicial bias against a judge that the defendant is about to face in a pending proceeding in a court of common pleas. See Section 5(C), Article IV, Ohio Constitution. Because this case will be remanded for resentencing, the trial court will resume jurisdiction over the matter. Wilson is not prohibited from following the procedures provided by R.C. 2701.03 and filing an affidavit of disqualification of his sentencing judge with the clerk of the Supreme Court of Ohio. Whether it will be granted is another matter. A defendant's experience before an allegedly biased judge in previous proceedings is an important factor to be weighed in a bias determination. See *In re Disqualification of O'Grady* (1996), 77 Ohio St.3d 1240, 1240-1241, 674 N.E.2d 353. Clearly, then, the fact that a defendant had a previous appearance before a judge does not prohibit the defendant from making a claim of judicial bias during a subsequent proceeding before that judge.

**{¶ 33}** Given the foregoing, any prior issues not successfully challenged in Wilson's appeal are outside the scope of his resentencing remand and will be precluded from further review under the principles of res judicata. Wilson retains the right to raise objections to any issues that arise at his resentencing hearing. We reject the state's claims that the appellate court erred in noting that Wilson's claims of disproportionate sentencing and judicial bias could be raised in the trial court.

### Conclusion

**{¶ 34}** We hold that *Whitfield* does not limit a trial court to merely accepting the state's election among allied offenses. Instead, once the cause is remanded and the offenses to be merged are selected by the state, the trial court is required to hold a new sentencing hearing and impose sentences for the remaining offenses. Res judicata does not preclude a defendant from objecting to issues that arise at the new sentencing hearing.

**{¶ 35}** In light of our holding, the appellate court was correct to vacate all three of Wilson's sentences and remand the matter to the trial court for a new sentencing hearing. Accordingly, we affirm the judgment of the court of appeals and remand the matter to the trial court for further proceedings.

Judgment affirmed.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, and CUPP, JJ., concur.

LANZINGER, J., concurs separately.

PFEIFER, J., concurs in part and dissents in part.

_____

**LANZINGER, J., concurring.**

**{¶ 36}** I concur in the majority opinion insofar as it clarifies *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182. Although the state retains the right to elect upon remand the allied offense conviction on which it

will proceed, R.C. 2929.19 also applies, and the defendant retains the right to appeal issues that arise from the resentencing.

{¶ 37} I wish to emphasize, however, that the court of appeals need not vacate a sentence and remand the case each time it finds a sentencing error. The General Assembly gave the courts of appeals tools other than remand when it enacted R.C. 2953.08. "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." R.C. 2953.08(G)(2). The statute allows the appellate court to correct sentences itself and to save remanding for sentences that are vacated and require resentencing hearings. Discretion is explicitly left to the court of appeals. Nevertheless, I fully concur that R.C. 2929.19 applies when a court of appeals vacates a sentence and remands and that a defendant may appeal from issues that arise on the resentencing.

_____

**PFEIFER, J., concurring in part and dissenting in part.**

{¶ 38} I concur in the judgment of the majority and in the bulk of the majority opinion. I dissent, however, from any portion of the majority opinion that relies on or contains an approving reference to *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, for the reasons stated in my dissent in *Saxon*.

_____

William D. Mason, Cuyahoga County Prosecuting Attorney, and Mary McGrath, Assistant Prosecuting Attorney, for appellant.

Timothy Young, Ohio Public Defender, and Terrence K. Scott, Assistant Public Defender, for appellee.

_____