[Cite as *State v. Thomas*, 2013-Ohio-1804.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99162**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHRISTOPHER THOMAS

DEFENDANT-APPELLANT

**JUDGMENT:**
DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-535943

**BEFORE:** Jones, P.J., S. Gallagher, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** May 2, 2013

**ATTORNEY FOR APPELLANT**

Albert L. Purola
38298 Ridge Road
Willoughby, Ohio 44094


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: T. Allan Regas
　　　　Jesse W. Canonico
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant, Christopher Thomas, appeals the sentence handed down by the trial court after this court vacated a portion of his original sentence and remanded the case for a partial resentencing. *State v. Thomas*, 197 Ohio App.3d 176, 2011-Ohio-6073, 966 N.E.2d 939 (8th Dist.), *appeal not accepted*, 132 Ohio St.3d 1425, 2012-Ohio-2729, 969 N.E.2d 272. After a review of the trial court's entry of conviction and sentence in this case, we must dismiss for lack of a final, appealable order.

{¶2} In 2010, Thomas pleaded no contest to 1 count of sexual battery, 22 counts of illegal use of a minor in nudity-oriented material or performance, 7 counts of importuning, 6 counts of endangering children, and 1 count of possession of criminal tool; the counts each contained forfeiture specifications. The trial court accepted the plea and found him guilty of all charges. The court then sentenced Thomas to a total of 93 years in prison and classified him a Tier II sex offender.

{¶3} Thomas appealed, raising various arguments regarding his plea and sentence. This court found that the six counts of endangering children were allied offenses of similar import, vacated those convictions, and remanded the case for resentencing on those counts. *Id.* Specifically, this court stated:

> The following counts * * * required merger: Counts 37 with 4; 38 with 5; 33 with 23; 34 with either 6, 8, 9, 24 or 25; 35 with 31; and 36 with either 7, 15 or 32.

> Thomas's convictions and sentences for endangering children must be vacated, and this case must be remanded for the state to make its elections and for a resentencing hearing pursuant to *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923.

{¶4} *Thomas* at ¶ 56-57.   Thomas appealed to the Ohio Supreme Court, which did not accept his discretionary appeal.

{¶5} Prior to the trial court's resentencing hearing, both parties filed sentencing memorandums.   Counsel for Thomas acknowledged that the trial court was limited to resentencing Thomas on only those counts that had been vacated by our court, but did ask the trial court to review the entire sentence.   Surprisingly, the state proposed the trial court resentence Thomas completely, but again asked for a lengthy sentence.

{¶6}   On August 22, 2012, the trial court held the resentencing hearing and the state again informed the trial court of its elections.   The trial court then proceeded to resentence Thomas not only on the child endangering counts but on *all* the counts — the trial court held a complete de novo resentencing.    The trial court sentenced Thomas to a new aggregate sentence of 21 years in prison; 72 years less than his original prison sentence.

{¶7} Thomas then filed the notice of appeal in the case at bar and raised two assignments of error, which focus on claims regarding ineffective assistance of appellate counsel and sufficiency of the evidence.   Thomas raised no arguments with regard to his resentencing hearing or his resulting sentence.   But we are unable to reach discussion of his assigned errors because we do not have a final, appealable order.

{¶8} Crim.R. 32(C) specifies that a judgment entry of conviction must contain "the plea, the verdict, or findings, upon which each conviction is based, and the sentence." The Ohio Supreme Court has explained that "a judgment of conviction is a final order

subject to appeal under R.C. 2505.02 when the judgment entry sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus.

{¶9} The journal entry from the August 20 resentencing hearing in this case states, as follows:

> Count 1, $250.00 fine and count costs, 60 months [in prison]
> Counts 4 through 15, $250.00 fine, 8 years [in prison]
> Counts 16 through 22, $250.00 fine, 12 months [in prison]
> Counts 23 through 32, $250.00 fine, 8 years [in prison]
> Count 39 $250.00 fine, 12 months [in prison]
> Count 1 is consecutive to any other count; Counts 4-15 are concurrent with each other but consecutive to any other counts; Counts 16-22 are concurrent to each other and concurrent to any other counts; Counts 23-32 are concurrent to each other but consecutive to any other counts; Count 39 is concurrent to any other count.
> Total 21 years.
> Defendant is a Tier III sex offender.

{¶10} Absent from the journal entry is the fact of conviction or even what crimes Thomas pleaded no contest to and was convicted of.[1] Therefore, we do not have a final order subject to appeal.

{¶11} We note again that the trial court conducted a de novo resentencing of each count in this case even though this court's mandate was to resentence Thomas on only a handful of the counts. The sentences for the offenses that were affected by the appealed

---

[1] We further note that the manner of conviction, the items he was to forfeit, his postrelease control obligations, his appellate rights, his indigency status, and the fact the court waived court costs and fines are also missing from the journal entry.

error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824.

**{¶12}** This court lacks a final, appealable order in this case.

**{¶13}** Accordingly, this appeal is dismissed.

It is ordered that appellant and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

LARRY A. JONES, SR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KENNETH A. ROCCO, J., CONCUR