[Cite as *State v. Linzy*, 2014-Ohio-1738.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney |
| | : | |
| -vs- | : | |
| | : | Case No. 12CA33 |
| CAREES LINZY | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Richland County Court of Common Pleas, Case No. 2012-CR-37H

JUDGMENT:      Vacated and Remanded

DATE OF JUDGMENT ENTRY:      April 23, 2014

APPEARANCES:

For Plaintiff-Appellee
JAMES J. MAYER, JR.
Prosecuting Attorney
JILL M. COCHRAN
JOHN NIEFT
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, OH 44902

For Defendant-Appellant
R. JOSHUA BROWN
32 Lutz Avenue
Lexington, OH 44904

*Gwin, P.J.*

{¶1} Appellant, Carees Linzy ("Linzy") was convicted after a jury trial in the Richland County Court of Common Pleas on two counts of murder, each with a firearm specification, having a weapon while under disability, carrying a concealed weapon, tampering with evidence and possession of criminal tools. This Court affirmed Linzy's conviction. For a complete recitation of the facts underlying Linzy's conviction s*ee, State v. Linzy*, 5th Dist. Stark No. 2012–CA–33, 2013-Ohio-1129.

{¶2} By Judgment Entry filed September 16, 2013, this Court granted in part Linzy's Application for reopening pursuant to App.R. 26(B). Pursuant to our mandate, Linzy has raised the following assignment of error,

{¶3} "I. WAS APPELLATE COUNSEL INEFFECTIVE AND THE APPELLANT PREJUDICED BY COUNSEL'S FAILURE TO ADDRESS THE ISSUE OF WHETHER APPELLANT'S CONVICTIONS FOR TWO COUNTS OF MURDER MUST MERGE INTO A SINGLE CONVICTION AND IMPOSITION OF A SENTENCE THAT IS APPROPRIATE FOR THE OFFENSE CHOSEN FOR SENTENCING."

### Analysis

{¶4} In his assignment of error, Linzy maintains he received ineffective assistance of appellate counsel on direct appeal. The standard for reviewing claims for ineffective assistance of counsel was set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984). Ohio adopted this standard in the case of *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373(1989). These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel.

{¶5} First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and volatile of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether the defense was actually prejudice by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. We apply the *Strickland* test to all claims of ineffective assistance of counsel, either trial counsel, or appellate counsel. *State v. Blacker,* 5th Dist. Guernsey No. 2005-CA-41, 2006-Ohio-5214.

{¶6} Linzy argues that his trial counsel was ineffective in failing to request that his two murder convictions be merged as allied offenses of similar import. Linzy contends his appellate counsel was ineffective because he did not raise this issue on appeal.

{¶7} Failure to merge allied offenses is plain error. *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶31; *State v. Yarbrough,* 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845, ¶ 96–102.

{¶8} In *State v. Damron,* 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512, the Ohio Supreme Court noted,

> When a defendant has been found guilty of offenses that are allied offenses, R.C. 2941.25 prohibits the imposition of multiple sentences. *Whitfield,* 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, at ¶ 12. Therefore, a trial court must merge the crimes into a single conviction and

impose a sentence that is appropriate for the offense chosen for sentencing. *State v. Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 41–43. In this case, the sentencing court found Damron guilty of both offenses and sentenced him on both. The imposition of concurrent sentences is not the equivalent of merging allied offenses.

Id. at ¶17. The Court in *Whitfield* further held,

> "If, upon appeal, a court of appeals finds reversible error in the imposition of multiple punishments for allied offenses, the court must reverse the judgment of conviction and remand for a new sentencing hearing at which the state must elect which allied offense it will pursue against the defendant. On remand, trial courts must address any double jeopardy protections that benefit the defendant…"

*Whitfield,* supra at ¶ 25.

{¶9} The scope of the sentencing hearing the trial court must conduct after remand for an allied offenses sentencing error was addressed by the Supreme Court,

> In a remand based only on an allied-offenses sentencing error, the guilty verdicts underlying a defendant's sentences remain the law of the case and are not subject to review. *Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, at ¶ 26–27. Further, only the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review. *Saxon* at paragraph three of the syllabus.

{¶10} *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶15. The Court in *Wilson* further held,

> [O]nce the cause is remanded and the offenses to be merged are selected by the state, the trial court is required to hold a new sentencing hearing and impose sentences for the remaining offenses. Res judicata does not preclude a defendant from objecting to issues that arise at the new sentencing hearing.

*Wilson*, ¶34.

{¶11} In the case at bar, Linzy was charged with two counts of murder for causing the death of Gary Hall. In the first count, Linzy was charged with purposely causing the death of another pursuant to R.C. 2903.02(A). In the second count, Linzy was charged with causing the death of another as a proximate result of committing felonious assault pursuant to R.C. 2903.02(B). The two counts were charges that were plead in the alternative and both relate to the single act of causing the death of Gary Hall.

{¶12} In cases in which the imposition of multiple punishments is at issue, R.C. 2941.25(A)'s mandate that a defendant may only be "convicted" of one allied offense is a protection against multiple *sentences* rather than multiple *convictions.* See, e.g., *Ohio v. Johnson* (1984), 467 U.S. 493, 498, 104 S.Ct. 2536, 81 L.Ed.2d 425. A defendant may be indicted and tried for allied offenses of similar import, but may be sentenced on only one of the allied offenses. *State v. Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 42, citing *Geiger,* 45 Ohio St.2d at 244, 74 O.O.2d 380, 344 N.E.2d 133. Because R.C. 2941.25(A) protects a defendant only from being punished for allied

offenses, the determination of the defendant's guilt for committing allied offenses remains intact, both before and after the merger of allied offenses for sentencing. *State v. Whitfield,* 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶27. Thus, the trial court should not vacate or dismiss the guilt determination on each count. Id. Pursuant to *Damron*, the imposition of concurrent sentences is not the equivalent of merging allied offenses.

{¶13} The state concedes that the two counts of murder in this case are allied offenses. State's Brief at 6. The state further agrees that this case be remanded for a new sentencing hearing. Id.

{¶14} Linzy's sole assignment of error is sustained.

{¶15}  Accordingly, Linzy's sentences for two counts of murder are vacated, and he is entitled to a de novo sentencing hearing upon remand. In accordance with the Ohio Supreme Court's decision in *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, we remand this case to the trial court for further proceedings consistent with that opinion. This decision in no way affects the guilty verdicts issued by the court. It only affects the entry of conviction and sentence. All of Linzy's convictions are affirmed.

By Gwin, P.J.,

Wise, J., and

Delaney, J., concur