[Cite as *State v. Smith*, 2018-Ohio-3752.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Willam B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| RALPH B. SMITH, | : | Case No. 18-CA-7 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Fairfield County Court of Common Pleas, Case No. 2000CR00071

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      September 17, 2018

APPEARANCES:

For Plaintiff-Appellant

R. KYLE WITT
Fairfield County Prosecuting Attorney

By: KIRK L. SHAW
Assistant Prosecuting Attorney
239 West Main Street, Suite 101
Lancaster, Ohio 43130

For Defendant-Appellee

RALPH B. SMITH, pro se
#392-562
Post Office Box 57
940 Marion-Williamsport Rd
Marion, Ohio 43301-0057

*Baldwin, J.*

{¶1}  Defendant-appellant Ralph B. Smith appeals from the February 6, 2018 Entry of the Fairfield County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}  On March 17, 2000, the Fairfield County Grand Jury indicted appellant, Ralph Blaine Smith, on two counts of aggravated burglary in violation of R.C. 2911.11(A)(1) and (2), three counts of aggravated robbery in violation of R.C. 2911.01(A)(1), two counts of kidnapping in violation of R.C. 2905.01(A), and one count of theft in violation of R.C. 2913.02. All counts, except for the theft count, included firearm specifications.

{¶3}  A jury trial commenced on August 8, 2000. The jury found appellant guilty as charged. By Judgment Entry filed on September 19, 2000, the trial court imposed maximum consecutive sentences, resulting in a total term of sixty-one (61) years, to be served consecutively to a six (6) year term for the firearm specifications. The trial court also ordered that appellant pay a total of $15,200.00 in fines and the costs of prosecution and pay $10,000.00 in restitution.

{¶4}  Appellant filed an appeal to this Court, raising six assignments of error, including challenges to his sentence. This Court affirmed appellant's convictions and sentence. *See State v. Smith,* 5th Dist. Fairfield No. 00–CA–63, 2001–Ohio–1952.

{¶5}  On June 19, 2008, appellant filed a Petition to Vacate or Set Aside Judgment of Conviction or Sentence, challenging the indictment and claiming structural

error. By Entry filed October 23, 2008, the trial court denied the petition, finding the filing was a petition for postconviction relief and was untimely filed.

{¶6}    On November 12, 2013, appellant filed a Motion to Vacate a Void Sentence, claiming failure to merge allied offenses, failure to make required findings before imposing more than the minimum sentences in violation of R.C. 2929.14(B), failure to properly sentence him on the firearm specifications, and failure to notify him of and properly impose postrelease control. By Entry filed February 12, 2014, the trial court denied the motion, finding the motion to be an untimely motion for postconviction relief and finding all issues raised therein to be barred by the doctrine of res judicata.   Appellant appealed, again challenging his sentence. We affirmed appellant's sentence, finding the arguments therein to be barred by res judicata, but reversed in part and remanded the matter to the trial court for a hearing to verbally notify appellant of postrelease control. *See State v. Smith,* 5th Dist. Fairfield No. 14–CA–18, 2014–Ohio–4657.

{¶7}    Upon remand, the trial court held a resentencing hearing on July 13, 2015. Appellant requested an opportunity to argue the merits of his maximum consecutive sentence. The trial court overruled appellant's request and verbally notified him of post release control. By Judgment Entry filed on July 30, 2015, the trial court sentenced appellant to the original 2000 sentence. The trial court again ordered appellant to pay a total fine of $15,200.00 and the costs of prosecution and to pay $10,000.00 in restitution.

{¶8}    Appellant then appealed. Pursuant to an Opinion filed on July 5, 2016 in *State v. Blaine-Smith,* 5th Dist. Fairfield No. 15-CA-46, 2016-Ohio- 4832, this Court affirmed the judgment of the trial court.

{¶9} Appellant, on April 26, 2017, filed a "Motions (sic) to Waive or Suspend the Court Costs of Prosecution and Any and All Fines and Restitution." Appellee filed a memorandum in opposition to the same on May 19, 2017 and appellant filed a reply on June 2, 2017. On December 6, 2017, appellant filed a Motion for Judgment on the Pleadings/Motion to Set Re-Sentencing Date.

{¶10} As memorialized in an Entry filed on February 6, 2018, the trial court overruled both of appellant's motions.

{¶11} Appellant then filed an untimely appeal from the trial court's February 6, 2018 Entry. This Court, via Judgment Entry filed on May 7, 2018, granted appellant leave to appeal the trial court's February 6, 2018 Entry and stated that "[t]he instant appeal shall proceed as if it were a timely appeal of right."

{¶12} Appellant raises the following assignments of error on appeal:

{¶13} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ABUSED ITS DISCRETION, WHEN IT ORDERED FINANCIAL SANCTIONS OF RESTITUTION, COURT COSTS OF PROSECUTION, AND FINE(S), IN 2000 AT THE SENTENCING, AND AT THE RE-SENTENCING HELD IN 2015 WHEN IT FAILED TO COMPLY WITH STATUTORY PROVISION'S BEFORE IMPOSING COSTS PURSUANT TO R.C. 2929.19(B)(6), AND R.C. 2929.18/ AND FAILED TO ORDER A PRE-SENTENCE INVESTIGATION REPORT AS STATUTORY REQUIRED BY LAW, CAUSING APPELLANT SMITH' (SIC) SENTENCE TO BE CONTRARY TO LAW, AMBIGUOUS, AND VOID IN PART."

{¶14} "II. TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO OBJECT TO STATUTORY PROVISIONS AT THE

SENTENCING HEARING, ATTORNEY TERRY K. SHERMAN IN 2000, AND ATTORNEY ANDREW SANDERSON AT THE RE-SENTENCING HEARING IN 2015, BOTH COUNSEL'S VIOLATED MY SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, FOR FAILING TO OBJECT TO STATUTORY PROVISION'S IN 2000 AND 2015 CAUSING APPELLANT'S SENTENCE TO BE CONTRARY TO LAW, AND VOID IN-PART."

I

**{¶15}** Appellant, in his first assignment of error, argues that the trial court erred when it ordered him to pay the costs of prosecution, imposed fines on him and ordered him to make restitution. Appellant also contends that the trial court erred in failing to order a presentence investigation to determine his ability to pay the same.

**{¶16}** The trial court, in its February 6, 2018 Entry, overruled appellant's motions on the basis of res judicata. The doctrine of res judicata establishes that "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Wilson,* 129 Ohio St.3d 214, 2011–Ohio–2669, 951 N.E.2d 381, 387, ¶ 30 citing *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), at paragraph nine of the syllabus.

**{¶17}** We agree with the trial court that these issues are res judicata because they were either raised or could have been raised on direct appeal or in a prior appeal. As

noted by the trial court, appellant failed to raise the issues of court cost and fines on direct appeal or in his two subsequent appeals. Appellant did raise the issue of restitution in his direct appeal and this Court, in our December 10, 2001 Opinion in *State v. Smith,* 5th Dist. Fairfield No. 00–CA–63, 2001–Ohio–1952 held that the trial court did not err in ordering him to pay restitution.

**{¶18}** Appellant's first assignment of error is, therefore, overruled.

II

**{¶19}** Appellant, in his second assignment of error, maintains that his trial counsel was ineffective in failing to raise the issues discussed in his first assignment of error relating to financial sanctions. Appellant argues that his trial counsel, at both the original sentencing hearing and the resentencing hearing, knew that he was indigent but did not file an affidavit of indigency or motion relating to the over $15,000.00 in financial sanctions.

**{¶20}** Because appellant either did or could have raised the issue of ineffective assistance in his direct appeal or one of his prior appeals, the argument now, to the extent it is based upon events in the record, is barred by res judicata. See, *State v. Petrone*, 5th Dist. Stark No. 2013 CA 00213, 2014-Ohio-3395, ¶ 84. We note that appellant, in his 2016 appeal, did raise an ineffective assistance of counsel argument in relation to his sentence.

**{¶21}** Appellant's second assignment of error is, therefore, overruled.

{¶22}  Accordingly, the judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.