[Cite as *State v. Hamad*, 2019-Ohio-2394.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | **:** | **MEMORANDUM OPINION** |
| Plaintiff-Appellee/ Cross-Appellant, | **:** | |
| | **:** | **CASE NO. 2017-T-0108** |
| - vs - | **:** | |
| NASSER Y. HAMAD, | **:** | |
| Defendant-Appellant/ Cross-Appellee. | **:** | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2017 CR 00133.

Judgment: Cross-appeal dismissed.


*Dennis Watkins*, Trumbull County Prosecutor; *Christopher Becker*, *Michael A. Burnett*, and *Ashleigh Musick*, Assistant Prosecutors, Administration Building, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee/Cross-Appellant).

*Samuel H. Shamansky*, *Donald L. Regensburger*, *Colin Peters*, and *Sarah A. Hill*, Samuel H. Shamansky Co., LPA, 523 South Third Street, Columbus, OH 43215 (For Defendant-Appellant/Cross-Appellee).


ON RECONSIDERATION[1]

TIMOTHY P. CANNON, J.

{¶1} This matter is before us on a notice of appeal and a notice of cross-appeal

from the judgment of conviction entered by the Trumbull County Court of Common Pleas

against Nasser Y. Hamad. Hamad was sentenced to the Lorain Correctional Institution

---

1. The original announcement of decision, *State v. Hamad*, 11th Dist. Trumbull No. 2017-T-0108, 2019-Ohio-924, issued March 18, 2019, is hereby vacated. This memorandum opinion, issued upon reconsideration, is the court's journalized decision with regard to the cross-appeal. *See* App.R. 26(A)(1).

on November 20, 2017, and filed his notice of appeal on November 22, 2017. The state of Ohio, by and through the prosecuting attorney, filed its notice of cross-appeal on November 29, 2017.

{¶2} Prior to the enactment of R.C. 2945.67, the state did not have the right to appeal decisions in criminal cases. "R.C. 2945.67 was enacted to balance the disparity between a defendant's right to appeal and the absence of any such right possessed by the State." *State v. Kole*, 11th Dist. Ashtabula No. 99-A-0015, 2000 WL 1460031, *2 (Sept. 29, 2000) (citation omitted); *see also State v. DeJesus*, 11th Dist. Ashtabula No. 99-A-0063, 2000 WL 1733562, *1 (Nov. 17, 2000). R.C. 2945.67 now grants the state of Ohio a substantive right to appeal decisions in criminal cases, which is limited to certain instances where an appeal is either permitted as a matter of right or may be permitted by leave of the appellate court.

{¶3} The state may appeal, as a "matter of right," any decision in a criminal case that (1) grants a motion to dismiss all or part of an indictment, information or complaint; (2) grants a motion to suppress evidence; (3) grants a motion for the return of seized property; or (4) grants postconviction relief. R.C. 2945.67(A). The state has not appealed any such decision in the case sub judice.

{¶4} The state may also appeal, as a matter of right, a sentence imposed upon a defendant who is convicted of a felony. *Id.*, citing R.C. 2953.08. The state's right to appeal a felony sentence is limited, however, to the grounds enumerated in R.C. 2953.08(B)(1)-(3). Relevant here, R.C. 2953.08(B)(2) provides that a prosecuting attorney may appeal a felony sentence on the grounds that the "sentence is contrary to law."

{¶5} Finally, the state may also appeal "any other decision, except the final verdict" in a criminal case, but *only* "by leave of the court to which the appeal is taken."

2

R.C. 2945.67(A). The prosecuting attorney must seek leave from the appellate court according to the procedure outlined in App.R. 5(C). "'A motion for leave to appeal is a necessary prerequisite under R.C. 2945.67(A) for the state's right of appeal to attach. Any failure to follow this directive deprives the appellate court of jurisdiction and requires that such appeal be dismissed.'" *Kole*, *supra*, at *3, quoting *State v. Metz*, 4th Dist. Washington No. 93CA18, 1995 WL 695078, *5 (Nov. 20, 1995), citing *generally State v. Wallace*, 43 Ohio St.2d 1 (1975). "Further, it is irrelevant that the State raises its argument in a cross appeal rather than in an appeal *per se*." *Id.* at *4; *see also State v. Williams*, 1st Dist. Hamilton Nos. C-060631 & C-060668, 2007-Ohio-5577, ¶53-55.

{¶6} In its cross-appeal, the state challenges (1) the trial court's jury instruction on self-defense and (2) the trial court's merger of certain counts of attempted aggravated murder for sentencing purposes.

{¶7} Pursuant to R.C. 2945.67(A), the state was required to seek leave to appeal any alleged error with the trial court's jury instructions. Because it did not so, we are without jurisdiction to consider that assignment of error. *Kole*, *supra*, at *4.

{¶8} Pursuant to R.C. 2953.08(B)(2), the state was not required to seek leave to assign as error that the trial court's merger of certain felony offenses was "contrary to law." *See, e.g.*, *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶14, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶4 and R.C. 2953.08(A)(4) ("Pursuant to R.C. 2953.08(G)(2), an appellate court may vacate a sentence and remand for a new sentencing hearing if the sentence is contrary to law. A sentence that contains an allied-offenses error is contrary to law.").

{¶9} Due to Hamad's death, however, we conclude that this assignment of error is moot. The justifications for allowing Hamad's appeal to proceed after his death simply do not apply to the state's cross-appeal. Were this court to find that the trial court's entry

3

of sentence contains an allied-offenses error, there is no relief we could offer the state without violating fundamental notions of due process. Because it is moot, we are also without jurisdiction to consider this assignment of error. *See, e.g.*, *Nextel W. Corp. v. Franklin Cty. Bd. of Zoning Appeals*, 10th Dist. Franklin No. 03AP-625, 2004-Ohio-2943 (with limited exceptions, a court may not entertain jurisdiction over a moot question).

{¶10} Accordingly, the state of Ohio's cross-appeal is hereby dismissed, in its entirety, for lack of jurisdiction.

THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.

4