[Cite as *State v. Thomas*, 2020-Ohio-667.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | |
|---|---|
| STATE OF OHIO, | : |
| Plaintiff-Appellee, | : |
| v. | : |
| WILLIAM J. THOMAS, | : |
| Defendant-Appellant. | : |

No. 108408

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** February 27, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-630507-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jeffrey Schnatter, Assistant Prosecuting Attorney, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and Jeffrey M. Gamso, Assistant Public Defender, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant William J. Thomas ("Thomas") appeals his sentence. For the reasons that follow, we dismiss this appeal for lack of jurisdiction.

**Facts**

{¶ 2} On July 24, 2018, a grand jury returned a four-count indictment against Thomas. Counts 1 and 2 alleged rape in violation of R.C. 2907.02(A)(2), both first-degree felonies, with repeat violent offender specifications ("RVO") pursuant to R.C. 2941.149(A) attached to both counts. Thomas was indicted as a repeat violent offender as a result of his conviction for a prior rape in 1988. Count 3 alleged felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony. Count 4 alleged kidnapping in violation of R.C. 2905.01(A)(4), a first-degree felony. Sexual motivation specifications pursuant to R.C. 2941.147(A) attached to both Counts 3 and 4. Sexually violent predator specifications pursuant to R.C. 2941.148(A) attached to each of Counts 1 through 4.

{¶ 3} On March 4, 2019, Thomas entered a plea of guilty to Count 1, rape with the RVO attached, Count 3, felonious assault, and Count 4, kidnapping. Contingent upon Thomas's plea of guilty, the state amended the indictment by dismissing Count 2, dismissing the sexually violent offender specifications, and deleting the sexual motivation specifications. As part of the plea, Thomas also came to an agreement with the state to a jointly proposed sentencing range of 10 to 20 years.

{¶ 4} On March 6, 2019, at sentencing, the court indicated that it would honor the 10-to 20-year sentence recommended by both parties. Thomas was then sentenced as follows: on Count 1, for rape with the RVO specification, the court imposed a 7-year sentence on the repeat violent offender specification to be served

prior to and consecutively to an 11-year sentence on the rape count; on Count 3, felonious assault, 8 years; and on Count 4, kidnapping, 11 years. Counts 1, 3 and 4 were to run concurrently for an aggregate sentence of 18 years. In addition, the court imposed five years of postrelease control and classified Thomas as a Tier III sex offender pursuant to R.C. 2950.01. This appeal follows.

**Law and Analysis**

{¶ 5} Thomas challenges his sentence. He presents one assignment of error for our review.

<u>Assignment of Error</u>

The sentences imposed were contrary to law and violated Mr. Thomas's rights to a fair trial and sentencing proceeding because the trial court's failure to articulate its reasons is an abuse of discretion which makes impossible any meaningful review and leads to the appearance of arbitrariness.

{¶ 6} As an initial matter, we must determine whether we have jurisdiction to review this sentence. We find that we do not.

{¶ 7} Our review of agreed sentences is limited by R.C. 2953.08(D)(1), which states:

A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

{¶ 8} We have consistently held, consequently, that "if a jointly recommended sentence imposed by a court is 'authorized by law,' then the sentence

'is not subject to review.'" *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 15.

{¶ 9} Both parties agreed to the sentencing range; our question then, is whether the 18-year sentence was authorized by law. A sentence is "authorized by law," and thus not reviewable on appeal "'if it comports with all mandatory sentencing provisions.'" *Id.* at ¶ 26, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, paragraph two of the syllabus.

{¶ 10} A sentence comports with mandatory sentencing provisions, in part, when it falls within the lawful sentencing range for the crimes charged. *State v. Rodriquez*, 8th Dist. Cuyahoga No. 107720, 2019-Ohio-3278.

{¶ 11} Here, Thomas pled guilty to three counts — two first-degree felonies and one second-degree felony — which, taken together, provide for 3 to 40 years in prison. The agreed upon recommended sentencing range of 10 to 20 years was lawful, as is his 18-year sentence.

{¶ 12} Thomas also challenges the lawfulness of his sentence by arguing that the court did not articulate a specific reason for why his particular sentence was imposed. That argument lacks merit.

{¶ 13} The trial court must consider the purposes and principles of sentencing, as well as the factors in R.C. 2929.12; however, the court is not required to use particular language or make specific findings on the record regarding its consideration of those factors. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. The trial court considered all it was required to consider in

sentencing Thomas. Specifically, the trial court discussed Thomas's lengthy criminal history and made clear that it had considered the statutory factors in R.C. 2929.12:

> I considered the seriousness factors and the recidivism factors and the range negotiated, Mr. Thomas' prior criminal history — prior criminal history as a sex offender status as a registered sex offender in crafting the sentence.

{¶ 14} The sentence imposed comported with all mandatory sentencing provisions and was therefore lawful. *See State v. Pruitt*, 8th Dist. Cuyahoga No. 107643, 2019-Ohio-2229, ¶ 9; *see also State v. Wilson*, 8th Dist. Cuyahoga No. 106862, 2019-Ohio-150, ¶ 8. We cannot review the sentences imposed.

{¶ 15} Dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

LARRY A. JONES, SR., P.J., and
RAYMOND C. HEADEN, J., CONCUR