[Cite as *State v. Cloutier*, 2024-Ohio-2100.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2023-0077 |
| STEVEN CLOUTIER | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Appeal from the Muskingum County Court of Common Pleas, Case No. CR2023-0390

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      May 30, 2024

APPEARANCES:

For Plaintiff-Appellee

RONALD L. WELCH
Prosecuting Attorney
By:JOHN CONNOR DEVER
Assistant Prosecutor
27 North Fifth St., Box 189
Zanesville, OH43702

For Defendant-Appellant

CHRIS BRIGDON
8138 Somerset Road
Thornville, OH 43076

*Gwin, J.*

{¶1}    Defendant-appellant Steven R. Cloutier ["Cloutier"] appeals the sentence imposed after his negotiated guilty plea in the Muskingum County Court of Common Pleas.

*Facts and Procedural History*

{¶2}    The Muskingum County Grand Jury issued an indictment on June 15, 2023 charging Cloutier with,

> Count 1: Aggravated Possession of Drugs (Methamphetamine), a felony of the third degree in violation of R.C. 2925.11(A) / 2925.11(C)(1)(b); and

> Count 2: Illegal Use or Possession of Drug Paraphernalia, a misdemeanor of the fourth degree in violation of R.C. 2925.14(C)(1) / 2925.14 (F)(1)

{¶3}    Cloutier filed a written Plea of Guilty on August 17, 2023. On that date, the trial judge conducted a Change of Plea hearing. Cloutier pled guilty as charged to the indictment. In exchange, the state agreed to a jointly recommended sentence of eighteen months in prison with the possibility of judicial release after twelve months.

{¶4}    Defense counsel asked the trial judge to waive the preparation of a pre-sentence investigation report (PSI) and proceed straight to sentencing. Plea T., Aug. 17, 2023 at 12. After hearing the state's recitation of Cloutier's criminal background, the trial judge stated that he needed more information. Id. at 14. The trial judge deferred sentencing and ordered a PSI be prepared. Id.

{¶5}   Sentencing took place on October 4, 2023. Defense counsel mitigated that Cloutier was fifty-eight years old and had suffered from addiction most of his adult life. Sent. T., Oct. 4, 2003 at 5. Additionally, during his addiction he had no desire to get clean until the recent passing of his fiancé, which caused him to commit himself to getting sober. Id. at 5-6. Further, defense counsel noted that although Cloutier had a significant misdemeanor record, most of the convictions occurred over seven years ago. Id. at 5.

{¶6}   The trial judge noted that Cloutier had somewhere around thirty past misdemeanor convictions out of various states. Sent. T., Oct. 4, 2023 at 8. The trial court declined to follow the joint recommendation and sentenced Cloutier to an aggregate sentence of thirty months and a mandatory fine of $5,000.00.

*Assignment of Error*

{¶7}   Cloutier raises one Assignment of Error,

{¶8}   "I. WAS THE TRIAL COURT'S SENTENCE ON COUNT 1 IN CONTRAVENTION OF THE SENTENCING GUIDELINES AND PRINCIPLES SET FORTH IN R.C. §2929.11 AND §2929.12?"

I.

{¶9}   Cloutier first argues that because the trial court did not accept the jointly recommended sentence, the sentence does not comport with the purposes and principles of felony sentencing as required by R.C. 2929.11. He further contends the trial court failed to consider the seriousness and recidivism sentencing factors set forth in R.C. 2929.12 when imposing a thirty-month prison sentence.

**Standard of Appellate Review**

{¶10} A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial-court record, including any oral or written statements and presentence-investigation reports. R.C. 2953.08(F)(1) through (4). Our standard of review is de novo. *State v. Gwynne*, 2019-Ohio-4761, ¶ 27. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, State v. Bonnell*, 2014-Ohio-3177, ¶28.

**Issue for Appellate Review**: *Whether Cloutier's sentence was imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12.*

{¶11} Although a court imposing a felony sentence must consider the purposes of felony sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929.12, "neither R.C. 2929.11 nor 2929.12 requires [the] court to make any specific factual findings on the record." Id. at ¶ 20, *citing State v. Wilson*, 2011-Ohio-2669, ¶ 31, and *State v. Arnett,* 88 Ohio St.3d 208, 215 (2000). The Ohio Supreme Court reviewed the issue of "whether a sentence is "contrary to law" under R.C. 2953.08(G)(2)(b) when an appellate court finds that the record does not support a sentence with respect to R.C. 2929.11 and 2929.12 in *State v. Jones*, 2020-Ohio-6729. The Court found that R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *Jones*, ¶39. The Ohio Supreme Court further explained in *State v.*

*Toles*, 2021-Ohio-3531, ¶10, that "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12."

**{¶12}** Cloutier argues that, because the trial judge did not affirmatively mention the factors on the record, it must be presumed that he did not consider them. However, a trial court's silence regarding the purposes of felony sentencing and/or the seriousness and recidivism factors is not sufficient to affirmatively demonstrate that the court did not comply with the statutes. *State v. Adams*, 37 Ohio St.3d 295 (1988), paragraph three of the syllabus. It is well-established that "consideration of the appropriate factors set forth in R.C. 2929.11 can be presumed unless the defendant affirmatively shows to the contrary." *State v. Clinton,* 2017-Ohio-9423, ¶ 243. The burden is on the defendant to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria. *State v. Cyrus,* 63 Ohio St.3d 164,166 (1992). Cloutier has not done so in this case.

**{¶13}** The record establishes that the trial judge reviewed the pre-sentence investigation report, and listen to the arguments of the prosecution and defense counsel. The trial judge clearly considered the need for incapacitating Cloutier and protecting the public from future crime, as well as determining that Cloutier's over thirty prior convictions demonstrates that Cloutier has made no attempt to rehabilitate himself.

**{¶14}** Furthermore, the trial judge was not bound to impose the jointly recommended sentence in this case. A trial court does not err by imposing a sentence greater than the sentence agreed to by the parties when "it forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that

recommended by the prosecutor." *State ex rel. Duran v. Kelsey*, 2005-Ohio-3674, ¶ 6, *quoting State v. Buchanan*, 2003-Ohio-4772, ¶ 13 (5th Dist.). Cloutier was informed during the change of plea hearing that the trial judge was not bound by the jointly recommended sentence and could impose up to a thirty-six-month sentence upon Cloutier's pleas. Plea T., Aug. 17, 2023 at 8 - 9.

{¶15} While the trial court did not mention R.C. 2929.11 or R.C. 2929.12 specifically during the sentencing hearing, the absence of evidence to rebut the presumption that the trial court considered the sentencing criteria allows this Court to presume that the trial court considered these mandatory statutory provisions. Our presumption in this case is fortified by the judge's sentencing entry, which clearly states that the judge considered the "principles and purposes of sentencing under Ohio Revised Code 2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code 2929.12."

{¶16} Upon review of the record in this case, we find that the record supports the trial judge's sentencing determination. We find that the trial judge's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. Cloutier has failed to prove that the trial court imposed the sentence based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and R.C. 2929.12. Thus, we find Cloutier's sentence is not contrary to law.

{¶17} Cloutier's sole Assignment of Error is overruled.

{¶18} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, J.,

Delaney, P.J., and

Hoffman, J., concur