[Cite as *State v. Emanuel*, 2016-Ohio-3187.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee/ Cross-Appellant, | : | No. 15AP-734 |
| | | (C.P.C. No. 95CR-2089) |
| | : | |
| v. | | (REGULAR CALENDAR) |
| | : | |
| Dale L. Emanuel, | : | |
| Defendant-Appellant/ Cross-Appellee. | : | |

D E C I S I O N

Rendered on May 26, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie B. Swanson*, for appellee/cross-appellant. **Argued:** *Valerie B. Swanson*.

**On brief:** *Kura, Wilford & Schregardus Co., L.P.A.,* and *Sarah M. Schregardus*, for appellant/cross-appellee. **Argued:** *Sarah M. Schregardus*.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Defendant-appellant/cross-appellee, Dale L. Emanuel, appeals the July 9, 2015 judgment of the Franklin County Court of Common Pleas resentencing him pursuant to this court's decision in *State v. Emanuel*, 10th Dist. No. 96APA01-59 (Sept. 19, 1996). Plaintiff-appellee/cross-appellant, State of Ohio, has filed a cross-appeal. For the following reasons, we reverse the judgment of the trial court.

I. Facts and Procedural History

{¶ 2} As we extensively discussed the factual and procedural history of this matter in our prior decision, we shall limit our discussion to only those facts relevant to the disposition of the present appeal.

{¶ 3} On April 7, 1995, a Franklin County Grand Jury filed an indictment charging Emanuel and his co-defendants with a total of 15 criminal counts: 5 counts of aggravated robbery, in violation of R.C. 2911.01, 5 counts of robbery, in violation of R.C. 2911.02, 2 counts of felonious assault, in violation of R.C. 2903.11, and 3 counts of kidnapping, in violation of R.C. 2905.01. All counts contained an attached firearm specification.

{¶ 4} Following trial, a jury found Emanuel not guilty of one count of aggravated robbery, one count of robbery, and two counts of kidnapping, but guilty of the remaining counts, including firearm specifications. As reflected in its January 8, 1996 corrected judgment entry, the trial court merged the aggravated robbery and robbery convictions. The trial court imposed the following sentence upon Emanuel: "not less than ten (10) years nor more than twenty-five (25[)] years, with ten years actual incarceration, on Counts Three, Eight, Ten, Twelve and Fourteen, to run consecutive to each other; a sentence of not less than eight (8) years nor more than fifteen (15) years, with eight years actual incarceration, on Counts Five and Thirteen, to run consecutive to each other; and a sentence of three (3) years actual incarceration for firearm specifications on each of Counts Three, Five, Eight, Ten, Twelve, Thirteen, and Fourteen to run consecutive with each other." (Emphasis deleted.) Thus, the trial court imposed a total sentence of 21 years for the firearm specifications and 66 to 155 years for the felony convictions.

{¶ 5} On appeal, this court affirmed the trial court's judgment in part, but reversed Emanuel's conviction and sentence for aggravated robbery, as provided in Count 3 of the indictment. We remanded to the trial court for "further proceedings in accordance with law and consistent with this opinion." *Id.*

{¶ 6} On December 15, 2008, Emanuel filed a motion requesting the trial court hold a resentencing hearing and enter a judgment of acquittal in accordance with this court's decision. Emanuel also sought dismissal of other counts of the indictment pursuant to *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, *overruled in State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, ¶ 46. On January 7, 2009, the state filed a memorandum contra in which it conceded that Emanuel's convictions "on counts three and four must be vacated pursuant to the mandate of the court of appeals," but also stated that the trial court "has no jurisdiction to revisit the remaining counts." On February 3, 2009, the trial court filed an order granting Emanuel an extension of time to reply to the

state's memorandum contra.  Emanuel never filed a reply, and the trial court held no further proceedings on Emanuel's December 15, 2008 motion.

{¶ 7}   On March 31, 2015, Emanuel filed a motion to enforce the mandate and for a limited resentencing hearing.  On April 7, 2015, the state filed a response to Emanuel's March 31, 2015 motion opposing Emanuel's request for a resentencing hearing and requesting that the trial court "issue an amended sentencing entry reflecting the Tenth District's decision vacating Counts 3 and 4 and re-journalizing defendant's sentences for his remaining convictions that are unchanged."  On June 16, 2015, the state filed a memorandum contra Emanuel's request for resentencing.  On June 17, 2015, Emanuel filed a sentencing memorandum.

{¶ 8}   On June 10, 2015, the trial court held a hearing and ordered the parties to prepare arguments related to whether it should address consecutive sentence findings. On June 24, 2015, the trial court held a hearing, at which it denied Emanuel's motion for a limited resentencing hearing to make consecutive sentencing findings. The trial court stated:

> I think I just have to go with Counts 3 and 4, throw them out, and implement the initial sentence.
>
> Count 5 will be 8 to 15, plus 3.
>
> Count 8 will be 10 to 15, plus 3.
>
> Count 12 will be 10 to 25, plus 3.
>
> Count 13 is 10 to 25, plus 3.
>
> Count 14 is 8 to 15, plus 3.
>
> Okay. Those were originally run consecutive. I don't see any authority that says that I have to make any findings in these circumstances. I'm just basically implementing what the Court of Appeals did. Those run consecutive to each other.

(June 24, 2015 Tr. at 4.)

{¶ 9}   On July 9, 2015, the trial court filed a resentencing amended judgment entry. In the entry, the trial court stated: "On June 24, 2015, the Court imposed the following sentence: eight (8) years to fifteen (15) years on Count Five, plus three (3) years for the firearm specification; ten (10) years to twenty-five (25) years each on Count Eight,

Count Ten, Count Twelve, Count Thirteen and Count Fourteen, plus three (3) years for the firearm specification on each count to be served consecutive to each other." (Emphasis omitted.)

## II. Assignment of Error

{¶ 10} Emanuel appeals, assigning the following error:

> THE TRIAL COURT IMPOSED A SENTENCE CONTRARY TO LAW UPON APPELLANT.

{¶ 11} The state cross-appeals, assigning the following error:

> THE SENTENCE THAT WAS IMPOSED ON JUNE 24, 2015 IS CONTRARY TO LAW AND THE COURT EXCEEDED ITS JURISDICTION BY RESENTENCING DEFENDANT ON COUNTS THAT HAD BEEN AFFIRMED ON APPEAL.

For ease of discussion, we first address the state's cross-assignment of error.

## III. Discussion

### A. State's Cross-Assignment of Error

{¶ 12} In its assignment of error raised on cross-appeal, the state contends the trial court erred and exceeded its jurisdiction by resentencing Emanuel on all counts for which he was convicted, because our prior decision only required the trial court to vacate two counts of Emanuel's conviction.

{¶ 13} "A sentence is the sanction or combination of sanctions imposed for each separate, individual offense." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, paragraph one of the syllabus. "An appellate court may modify, remand, or vacate only a sentence for an offense that is appealed by the defendant and may not modify, remand, or vacate the entire multiple-offense sentence based upon an appealed error in the sentence for a single offense." *Id.* at paragraph three of the syllabus.

{¶ 14} "A remand for a new sentencing hearing generally anticipates a de novo sentencing hearing. R.C. 2929.19(A). However, a number of discretionary and mandatory limitations may apply to narrow the scope of a particular resentencing hearing." *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 15. "In one such limitation on the scope of a resentencing hearing, 'only the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review.' " *State v. Dennison*,

10th Dist. No. 14AP-486, 2015-Ohio-1135, ¶ 8, quoting *Wilson* at ¶ 15, citing *Saxon* at paragraph three of the syllabus.

{¶ 15} We have previously considered whether a trial court must resentence a defendant on all counts or on only those counts that were affected by the prior appeal. *State v. Cochran*, 10th Dist. No. 14AP-447, 2015-Ohio-1102. In *Cochran*, we reviewed the resentencing of a defendant following an appeal in which we vacated the sentences for two counts and remanded for the trial court to hold a resentencing hearing on those counts. On remand, the trial court failed to hold a resentencing hearing and imposed the same sentence on the defendant. Appealing the resentencing, the defendant argued that the entire sentence, including those parts that remained undisturbed by the prior appeal, must be newly imposed and subject to the statutory penalty scheme in effect at the time of the resentencing. *See id.* at ¶ 15.

{¶ 16} We disagreed with the defendant's contention, finding that because we vacated only part of the defendant's sentence, only that part was subject to resentencing, and, as a result, "[t]he other sentences remained undisturbed." *Id.* at ¶ 19. Furthermore, we stated that "[t]he fact that the trial court must memorialize the result of all proceedings in a single entry did not suffice to vacate the other counts and require resentencing for them as well." *Id.* at ¶ 22. Therefore, we concluded that the trial court must resentence the defendant only on the previously vacated counts and directed the trial court to "issue a single sentencing entry setting forth all the sentences imposed in the case." *Id.* at ¶ 24.

{¶ 17} Here, our prior decision only reversed Emanuel's conviction and sentences for Counts 3 and 4, namely aggravated robbery and robbery as related to Louis Meeker. We stated in conclusion that the trial court's judgment was "affirmed in part, reversed in part and remanded to the Franklin County Court of Common Pleas for further proceedings in accordance with law and consistent with this opinion." *Emanuel.*

{¶ 18} On remand, the trial court stated that it was vacating Counts 3 and 4 and "implement[ing] the initial sentence." (June 24, 2015 Tr. at 4.) Notably, the trial court, both at the June 24, 2015 hearing and in its July 9, 2015 resentencing amended judgment entry, imposed sentences differing from those originally imposed on Emanuel. At the June 24, 2015 hearing, the trial court increased Emanuel's sentence on Count 13 from 8 to 15 years to 10 to 25 years incarceration. The trial court also decreased Emanuel's sentence

on Count 14 from 10 to 25 years to 8 to 15 years incarceration. Finally, the trial court did not orally pronounce sentence with regard to Count 10. However, in the July 9, 2015 resentencing judgment entry, the trial court imposed sentence with regard to Count 10 and increased Emanuel's sentence only with regard to Count 13 from 8 to 15 years to 10 to 25 years incarceration.

{¶ 19} Because we reversed the trial court's judgment in part only as it related to Emanuel's conviction and sentences for Counts 3 and 4 and affirmed the remainder of the judgment, "[t]he other sentences remained undisturbed." *Cochran* at ¶ 19. Therefore, our prior opinion did not "vacate the other counts and require resentencing for them as well." *Id.* at ¶ 22. As a result, we find the trial court erred by resentencing Emanuel on the other counts that were undisturbed by our prior decision. *Wilson* at ¶ 15; *Saxon* at paragraph three of the syllabus. *See State v. Blevins*, 4th Dist. No. 11CA3431, 2012-Ohio-573, ¶ 6-8.

{¶ 20} Therefore, we sustain the state's cross-assignment of error and reverse the July 9, 2015 resentencing judgment of the Franklin County Court of Common Pleas. On remand, the trial court must issue a single order memorializing the results of all the proceedings in a single entry and vacating Emanuel's conviction and sentences for aggravated robbery and robbery as provided in Counts 3 and 4 of the indictment.

### B. Emanuel's Assignment of Error

{¶ 21} In his assignment of error, Emanuel asserts that the trial court imposed a sentence that was contrary to law because it was required to make findings pursuant to R.C. 2929.14(C)(4) in order to impose consecutive sentences. However, in light of our resolution of the state's cross-assignment of error, Emanuel's assignment of error is rendered moot.

### IV. Conclusion

{¶ 22} Having sustained the state's cross-assignment of error and rendered moot Emanuel's assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand for further action consistent with law and this decision.

*Judgment reversed;*
*cause remanded with instructions.*

TYACK and HORTON, JJ., concur.

———————