[Cite as *State v. Emanuel*, 2017-Ohio-6989.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

State of Ohio,                                  :

      Plaintiff-Appellee/               :
      Cross-Appellant,

                      :           No. 16AP-593

v.                                              (C.P.C. No. 95CR-2089)

                      :

Dale L. Emanuel,                                (REGULAR CALENDAR)

      Defendant-Appellant/              :
      Cross-Appellee.                   :

---

### D E C I S I O N

#### Rendered on July 27, 2017

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie B. Swanson*, for appellee/cross-appellant.

**On brief:** *Kura, Wilford & Schregardus Co., L.P.A.*, and *Sarah M. Schregardus* for appellant/cross-appellee.

---

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Plaintiff-appellee/cross-appellant, State of Ohio, and defendant-appellant/cross-appellee, Dale L. Emanuel, both appeal aspects of a judgment entry issued by the Franklin County Court of Common Pleas on July 22, 2016. Because we find that the trial court again acted beyond its power in reimposing and altering a sentence that was imposed in 1995 that had not been disturbed or vacated, we reverse. This case is remanded to the trial court with instructions that it enter judgment that recounts the sentences that were imposed in 1995, dismisses Counts 3 and 4, and contains language that the sentences imposed in 1995 (except for those relating to Counts 3 and 4) remain in full force and effect.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}  On April 7, 1995, a Franklin County Grand Jury indicted Emanuel and three co-defendants for five counts of aggravated robbery, five counts of robbery, three counts of kidnapping, and two counts of felonious assault.  (Apr. 7, 1995 Indictment.)  All counts included specifications.  *Id.*  On December 18, 1995, following a jury trial, the jury found Emanuel not guilty of two of the kidnapping counts, one count of aggravated robbery, and one count of robbery with respect to the same victim.  (Dec. 19, 1995 Verdict Entry.)  The jury found Emanuel guilty as to all remaining counts.  *Id.*

{¶ 3}  The trial court merged all the robbery and aggravated robbery charges.  (Dec. 19, 1995 Jgmt. Entry at 1-2.)  Then it ordered Emanuel to consecutively serve sentences of 10 to 25 years on the one kidnapping count (Count 12) and each of the four aggravated robbery counts (Counts 3, 8, 10, and 14) of which he was found guilty.  *Id.*  Ten years of the incarceration was to have been actual incarceration for each of those counts.  *Id.* at 2.  On the two felonious assault counts (Counts 5 and 13), the trial court ordered Emanuel to consecutively serve 8 to 15 years on each with 8 years of actual incarceration for each.  *Id.*  Finally, the trial court ordered Emanuel to consecutively serve 3 years of actual incarceration on each of the seven specifications associated with the offenses on which he was sentenced.  *Id.*  Thus Emanuel's total sentence was 87 to 176 years in prison with 87 years of actual incarceration.

{¶ 4}  On direct appeal, this Court found that the evidence presented at trial was insufficient to convict Emanuel with respect to the merged robbery and aggravated robbery counts (Counts 3 and 4) concerning one victim.  *State v. Emanuel*, 10th Dist. No. 96APA01-59, 1996 WL 531938, 1996 Ohio App. LEXIS 4054, *27-30 (Sept. 19, 1996) ("*Emanuel I*").  We therefore reversed in part, otherwise affirmed, and "remanded to the Franklin County Court of Common Pleas for further proceedings in accordance with law and consistent with th[e] opinion."  *Emanuel I* at *36-37.

{¶ 5}  On remand, the trial court took no immediate action.  Approximately 12 years later, in December 2008, Emanuel filed a motion requesting (among other relief not relevant to this appeal) that the conviction and sentence for merged Counts 3 and 4 be vacated in accordance with our decision in *Emanuel I.*  (Dec. 15, 2008 Mot. to Vacate at 7.)  The State responded, agreeing that merged Counts 3 and 4 must be vacated but asserting that the trial court had no authority to consider the other sentences or counts

which were affirmed in *Emanuel I*. (Jan. 7, 2009 Memo. Contra at 1.) The trial court took no action on this motion.

{¶ 6} More than 6 years later (and more than 18 years after *Emanuel I*), Emanuel filed a motion to enforce our decision in *Emanuel I* and for the trial court to resentence him accordingly. (Mar. 31, 2015 Mot. to Enforce.) At a hearing on June 10, 2015, Emanuel argued that because the case had been open the whole time, the trial court, in resentencing him, would have to comply with current legal requirements on consecutive sentencing and impose the entire sentence in a single judgment entry (which would, Emanuel argued, require reimposition of sentence on all counts under current law). (June 10, 2015 Tr. at 2-5.) The State opposed the request and took the position that while merged Counts 3 and 4 should be vacated in accordance with *Emanuel I*, the trial court otherwise lacked authority to resentence Emanuel on the previously affirmed counts. (June 16, 2015 Memo. Contra at 3.)

{¶ 7} On June 24, 2015, the trial court held a hearing at which it expressed the view that it was required to "throw out" Counts 3 and 4 and then "implement the initial sentence." (June 24, 2015 Tr. at 4.) On July 9, 2015, the trial court issued an amended judgment entry in which it noted the procedural history of the case and purported to reimpose sentence on all counts.[1] (July 9, 2015 Jgmt. Entry.) However, in addition to largely repeating the sentence originally imposed, the trial court purported to impose 10 to 25 years on one of the felonious assault counts (Count 13) and did not expressly vacate Emanuel's sentence on merged Counts 3 and 4. *Id.* at 2.

{¶ 8} Emanuel and the State both appealed and, on May 26, 2016, this Court issued a decision. *State v. Emanuel*, 10th Dist. No. 15AP-734, 2016-Ohio-3187 ("*Emanuel II*"). Citing prior precedent from this Court on a virtually identical issue, *Emanuel II* stated that "the trial court erred by resentencing Emanuel on the other counts that were undisturbed by our prior decision." *Id.* at ¶ 19. Emanuel argued that the trial court was required to make findings under R.C. 2929.14(C)(4) before imposing consecutive sentences. But based on our conclusion that the trial court should only have vacated merged Counts 3 and 4 and did not have authority to resentence Emanuel on any already

---

[1] This entry erroneously contains language that Counts 1, 2, 6, and 7 were dismissed nolle prosequi by motion of the prosecutor. (July 9, 2015 Jgmt. Entry at 1-2.) In fact, Emanuel was acquitted by a jury of these counts of the indictment.

imposed counts, we considered Emanuel's argument to be moot. *Emanuel II* at ¶ 21. We once again remanded.

{¶ 9}   On remand, the trial court held a hearing on July 21, 2016, at which it noted that it had been "directed basically by the Court of Appeals to vacate Counts 3 and 4 and implement the original sentence." (July 21, 2016 Tr. at 2.)  In an entry on July 22, 2016, the trial court again noted the procedural history of the case and the sentence that was originally imposed in 1995.[2]  This time the trial court properly noted that merged Counts 3 and 4 were vacated. *Id.* at 3.  But it again purported to impose sentence on the counts which were sentenced in 1995 and again increased one of the felonious assault sentences (Count 13) from 8 to 15 years to 10 to 25 years. *Id.*

{¶ 10}  The State and Emanuel once again appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 11}  The State offers a single assignment of error for review:

> THE SENTENCE THAT WAS IMPOSED ON JULY 21, 2016 IS CONTRARY TO LAW, AND THE COURT EXCEEDED ITS JURISDICTION BY RESENTENCING DEFENDANT ON COUNTS THAT HAD BEEN AFFIRMED ON APPEAL.

{¶ 12}  Emanuel also offers a single assignment of error:

> The trial court imposed an illegal sentence upon Appellant.

## III.  DISCUSSION

### A. State's Assignment of Error—The Trial Court Erred in Purporting to Implement, Impose, or Alter Sentences Imposed in 1995 and Undisturbed by Any Appeal

{¶ 13}  The State argues that the trial court erred in doing anything other than vacating merged Counts 3 and 4. (State Brief at 9-14.)  We agree.

{¶ 14}  Both this Court and the Supreme Court of Ohio have said " 'only the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review.' "  *State v. Cochran*, 10th Dist. No. 14AP-447, 2015-Ohio-1102, ¶ 18, quoting *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 15, citing *State*

---

[2] This entry also erroneously states that Counts 1, 2, 6, and 7 were nolle prosequi by motion of the prosecutor. (July 22, 2015 Jgmt. Entry at 2-3.)  In fact, Emanuel was acquitted by a jury of these counts.

*v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, paragraph three of the syllabus. In other words, in 1996, this Court only found Counts 3 and 4 to be insufficiently supported by the evidence and, therefore, only remanded for the purpose of vacating Emanuel's conviction on those counts. All the remaining counts and sentences were undisturbed and the trial court has neither the authority nor the necessity to return to a previous judgment entry and "implement" or "impose" those sentences. They were imposed in December 1995, they were not disturbed by our decision in 1996, and they remain in force. We previously stated:

> Because we reversed the trial court's judgment in part only as it related to Emanuel's conviction and sentences for Counts 3 and 4 and affirmed the remainder of the judgment, "[t]he other sentences remained undisturbed." *Cochran* at ¶ 19. Therefore, our prior opinion did not "vacate the other counts and require resentencing for them as well." *Id.* at ¶ 22. As a result, we find the trial court erred by resentencing Emanuel on the other counts that were undisturbed by our prior decision. *Wilson* at ¶ 15; *Saxon* at paragraph three of the syllabus. *See State v. Blevins*, 4th Dist. No. 11CA3431, 2012-Ohio-573, ¶ 6-8.

Emanuel II at ¶ 19.

{¶ 15} We recognize that "[o]nly one document can constitute a final appealable order." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, ¶ 17. However, this does not mean that the trial court must reimpose any part of the sentence that has already been imposed and which has never been disturbed on appeal. We previously clarified that, "*Baker* requires a single document, and not a single sentencing. It is perfectly permissible, in accord with both *Baker* and *Saxon*, for a trial court to issue a single entry memorializing the results of more than one sentencing." *Cochran* at ¶ 21. In this case, the trial court should have vacated merged Counts 3 and 4 and issued a single entry setting forth the procedural history of the case, explaining what sentences were imposed in 1995 and which of those remain now undisturbed. The trial court should not and cannot, impose, implement, modify, or alter the sentences which have already been imposed.

{¶ 16} We sustain the State's assignment of error and remand this matter for the trial court to vacate Counts 3 and 4 and issue a judgment entry that complies with the law.

## B. Emanuel's Assignment of Error—Whether the Trial Court Should Have Made the Findings Required by R.C. 2929.14(C)(4)

{¶ 17} Ohio Revised Code 2929.14(C)(4) sets forth certain findings that a trial court must make before imposing consecutive sentences. Emanuel argues that the trial court should be required to make these findings before setting forth a sentencing entry in this case. (Emanuel Brief at 8-16.) But that argument ignores the fact that in this case, the trial court is not "imposing" consecutive sentences. They have already been imposed. They were imposed in December 1995. They have never been disturbed or vacated and thus there is neither need nor authority for the trial court to "impose" them again. Since the trial court is not in a position of "imposing" consecutive sentences, it goes without saying that it need make no findings. Thus, as we said on our prior decision on this same issue in this same case, the question is moot. *Emanuel II* at ¶ 21.

## IV. CONCLUSION

{¶ 18} None of our decisions in this case, including this one, disturb the sentences imposed on Emanuel in December 1995 except to the extent that Counts 3 and 4 were found in *Emanuel I* to have been insufficiently supported by the evidence. Thus, the trial court erred in imposing sentence on the other counts in this case. We, therefore, reverse and remand with instructions that the Franklin County Court of Common Pleas issue a sentencing entry that reviews the sentences that were imposed in 1995, properly dismisses Counts 3 and 4, and contains language that the sentences imposed in 1995 (except for those relative to Counts 3 and 4) remain in full force and effect.

*Judgment reversed*
*and cause remanded.*

TYACK, P.J., and SADLER, J., concur.

————————