[Cite as *State v. Davis*, 2022-Ohio-2397.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Earle E. Wise, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2021 AP 12 0034 |
| WESLEY DAVIS | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |


CHARACTER OF PROCEEDING:     Criminal appeal from the Tuscarawas
                             County Court of Common Pleas, Case No.
                             2021 CR 04 0142


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      July 12, 2022


APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

KRISTINE BEARD                       DAN GUINN
Assistant Prosecutor                 232 West 3rd Street, Ste. 312
125 E. High Avenue                   Dover, OH 44622
New Philadelphia, OH 44663

*Gwin, J.,*

**{¶1}** Appellant Wesley E. Davis ["Davis"] appeals his sentence after a negotiated guilty plea in the Tuscarawas County Court of Common Pleas.

*Facts and Procedural History*

**{¶2}** Davis was indicted by the Tuscarawas County Grand Jury for one count of Rape in violation of R.C. 2907.02(A)(1) with a sexually violent predator specification for a child less than ten years of age, a felony of the first degree, and two counts of Gross Sexual Imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree. The victims for the offenses were Davis's two granddaughters both less than thirteen years of age at the time of the offenses.

**{¶3}** On the day of trial, the state agreed to dismiss count one [Rape], in exchange for a plea to the remaining counts of Gross Sexual Imposition. After accepting Davis's no contest plea and making a finding of guilt the court dismissed count one [Rape]. The court deferred sentencing, ordered a pre-sentence investigation, and continued Davis on pretrial supervision.

**{¶4}** At the sentencing hearing, the mother of the victims was present and addressed the trial court advising the Court how the abuse had seriously affected the children and the family. Davis's counsel argued that Davis should be placed on community control. After a review of the presentence investigation report and statements of the parties, the trial court sentenced Davis to serve an aggregate term of forty-eight months in prison.

*Assignment of Error*

**{¶5}** Davis raises one Assignment of Error,

{¶6} "I. THE TRIAL COURT ERRED WHEN IT IMPOSED A PRISON SENTENCE AS OPPOSED TO COMMUNITY CONTROL UPON THE APPELLANT."

*Law and Analysis*

{¶7} Davis argues that the trial court erred as a matter of law because the court did not sentence Davis to a community control sanction.

**Standard of Appellate Review**

{¶8} A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial-court record, including any oral or written statements and presentence-investigation reports. R.C. 2953.08(F)(1) through (4). Although a court imposing a felony sentence must consider the purposes of felony sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929.12, "neither R.C. 2929.11 nor 2929.12 requires [the] court to make any specific factual findings on the record." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 20, *citing State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

{¶9} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶22; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶28.

**{¶10}** R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39. The Ohio Supreme Court further elucidated in *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10, "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12."

**{¶11}** In *State v. Bryant,* the Court recently clarified the holding in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649,

The narrow holding in *Jones* is that R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *See Jones* at ¶ 31, 39. Nothing about that holding should be construed as prohibiting appellate review of a sentence when the claim is that the sentence was improperly imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. Indeed, in *Jones,* this court made clear that R.C. 2953.08(G)(2)(b) permits appellate courts to reverse or modify sentencing decisions that are "'otherwise contrary to law.'" *Jones* at ¶ 32, *quoting* R.C. 2953.08(G)(2)(b). This court also recognized that "otherwise contrary to law" means "'in violation of statute or legal regulations at a given time.'" Id. at ¶ 34 quoting Black's Law Dictionary 328 (6th Ed.1990). Accordingly, when a trial court imposes a sentence based on

factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law. Claims that raise these types of issues are therefore reviewable.

Slip Opinion No. 2020-0599, 2022-Ohio-1878(June 7, 2022), ¶22.

Issue for Appellate Review: *Whether Davis's sentence was imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12*

**R.C. 2929.13(C)**

**{¶12}** R.C. 2929.13(C) applies to one convicted of a third degree felony. Davis pled no contest to two felonies of the third degree.

**{¶13}** According to R.C. 2929.13(C), when determining whether a third-degree felony warrants a prison sentence, the trial court is to consider the seriousness and recidivism factors contained in R.C. 2929.12. As well, the trial court is to consider the purposes and principles of sentencing outlined in R.C. 2929.11.

**R.C. 2929.11**

**{¶14}** R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. In order to achieve these purposes and principles, the trial court must consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public,

or both. R.C. 2929.11(A). Additionally, the sentence must be commensurate with, and not demeaning to, the seriousness of the offender's conduct and its impact on the victims and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

### R.C. 2929.12

{¶15} R.C. 2929.12 sets forth the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. The statute provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

### The Case at Bar

{¶16} In the case at bar, the trial court heard from the victims' mother and their pastor. (Sent. T. at 3-6.) The court heard from Davis's attorney, the state's attorney, and Davis. The trial court reviewed the presentence investigation report, and the victim impact statements. (Sent. T. at 2).

{¶17} In the case at bar, the record supports that the harm caused the victims was "serious physical harm" [R.C. 2929.12(B)(2)]. (Sent. T. at 8). The offenses were also more serious because Davis used his relationship with the victims to facilitate the offenses. [R.C. 2929.12(B)(6)]. (Sent. T. at 8-9). None of the factors set forth in R.C. 2929.12(C) are applicable to render the offenses "less serious." (Sent. T. at 9). No grounds for mitigation are contained in the record. (Sent. T. at 9). Davis has not expressed his remorse and continues to deny anything happened. (Sent. T. at 7).

**{¶18}** Accordingly, the trial court considered the purposes and principles of sentencing [R.C. 2929.11] as well as the factors that the court must consider when determining an appropriate sentence.  [R.C. 2929.12].

Davis has not demonstrated that the trial court imposed the sentence based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12.  *State v. Bryant,* Slip Opinion No. 2020-0599, 2022-Ohio-1878(June 7, 2022), ¶22.

**{¶19}** We conclude that the trial court did not commit error when it sentenced Davis.  Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes.  While Davis may disagree with the weight given to these factors by the trial judge, Davis's sentence was within the applicable statutory range, and the sentence is not based on considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12.  Therefore, we have no basis for concluding that it is contrary to law.

**{¶20}**  Davis's First Assignment of Error is overruled.

{¶21} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By Gwin, J.,

Wise, Earle E., P.J., and

Baldwin, J., concur