[Cite as *State v. Richardson*, 2023-Ohio-1650.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. CT2022-0073 |
| | : | |
| DERRICK RICHARDSON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2022-0228 |
| | |
| JUDGMENT: | AFFIRMED |
| | |
| DATE OF JUDGMENT ENTRY: | May 16, 2023 |

APPEARANCES:

For Plaintiff-Appellee:

RON WELCH
MUSKINGUM COUNTY PROSECUTOR

JOHN CONNOR DEVER
27 North Fifth St., P.O. Box 189
Zanesville, OH 43702

For Defendant-Appellant:

CHRIS BRIGDON
8138 Somerset Rd.
Thornville, OH 43076

*Delaney, J.*

{¶1} Defendant-Appellant Derrick Richardson appeals the September 15, 2022 sentencing entry of the Muskingum County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

**FACTS AND PROCEDURAL HISTORY**

**Indictment**

{¶2} On May 18, 2021, Defendant-Appellant Derrick Richardson was indicted by the Muskingum County Grand Jury on one count of corrupting another with drugs, a second-degree felony in violation of R.C. 2925.02(A)(3); one count of corrupting another with drugs, a second-degree felony in violation of R.C. 2925.02(A)(4)(a); one count of possession of drugs (fentanyl-related compound), a fifth-degree felony in violation of R.C. 2925.11(A); one count of tampering with evidence, a third-degree felony in violation of R.C. 2921.12(A)(1); and one count of endangering children, a third-degree felony in violation of R.C. 2919.22(A). Richardson entered a not guilty plea to the charges in Case No. CR2022-0228.

**Change of Plea**

{¶3} Pursuant to the change of plea hearing held on August 8, 2022, Richardson entered into a plea agreement with the State where he withdrew his not guilty plea and entered a guilty plea to Count Three, possession of drugs (fentanyl-related compound); Count Four, tampering with evidence; and Count Five, endangering children. The State agreed to dismiss Counts One and Two at the time of sentencing. (T. 3). The parties agreed to a joint recommendation that Richardson be sentenced to five years in prison and stipulated to the judicial findings necessary for the imposition of consecutive

sentences. (T. 4). The State agreed to defer to the trial court on Richardson's current post release control. (T. 4).

{¶4} During the plea colloquy, Richardson acknowledged that he was on post release control and that a plea of guilty and a finding of guilty could lead to a violation and termination of his post release control. (T. 6). He also acknowledged that if the trial court terminated his post release control, any prison time imposed would be mandatorily consecutive to any prison time imposed in the present case. (T. 7).

{¶5} The State recited the underlying facts leading to the indictment. On March 29, 2022, EMS and police were dispatched to a residence in Muskingum County based on a report that an infant just over one year of age had potentially ingested fentanyl. (T. 13). The infant was in distress when the paramedics arrived and was administered NARCAN. (T. 13). After the infant was transported to the hospital, lab tests showed the infant had 4.4 nanograms per milliliter of fentanyl in her blood system. (T. 13).

{¶6} Upon investigation, the woman indicted on charges with Richardson indicated that there was a plastic baggy with teeth marks in the living room. The police discovered text messages on Richardson's cell phone regarding either selling or purchasing fentanyl. After being confronted with evidence from the investigation, Richardson admitted that he had what he believed to be some pills in his pocket. He saw the child chewing on the baggy that he said probably fell out of his pocket. He saw the baggy with chew marks on it and that the child turned blue. He took the baggy away from her and disposed of the pills in the toilet before the police arrived. (T. 14).

{¶7} The trial court accepted Richardson's pleas of guilty and found him guilty with regard to each of the counts. The trial court ordered a presentence investigation and set the matter for a sentencing hearing. (T. 15).

**Sentencing Hearing**

{¶8} Richardson appeared for the sentencing hearing on September 12, 2022. Prior to the trial court's imposition of sentence, Richardson entered a plea of guilty to a charge of aggravated menacing, a fifth-degree felony in violation of R.C. 2903.21(C), in Muskingum County Court of Common Pleas Case No. CR2022-0431. (T. 3). In exchange for Richardson's plea of guilty, the parties agreed to a joint recommendation that Richardson be sentenced to six months in prison, to be served consecutively to the sentence imposed in Case No. CR2022-0228. (T. 4). The parties also stipulated to the judicial findings necessary for the imposition of consecutive sentences. (T. 4). The trial court engaged in the plea colloquy and accepted Richardson's plea in Case No. CR2022-0431. (T. 14).

{¶9} The trial court next stated it had thoroughly reviewed Richardson's presentence investigation report. (T. 21). The trial court discussed with Richardson his prior felony conviction and multiple misdemeanor convictions. (T. 25, 27). Richardson served a prison term from age 17 to 24. His parole officer stated in the presentence investigation report that Richardson had no regard for supervision and violated nearly every sanction of post release control. (T. 26). Richardson's institutional summary report stated that he had 60 write-ups during his time in prison. His security level was increased several times and he was moved to three prisons. (T. 27-28).

{¶10} When asked about the events of March 29, 2022, Richardson stated there was no fentanyl in the home even though the child was found in respiratory distress, and both Richardson and the child tested positive for fentanyl. (T. 22-23). The trial court reviewed the text messages on Richardson's cell phone where Richardson had asked to purchase fentanyl and cocaine, causing the police to investigate Richardson after the child ingested fentanyl. The text messages referred to "fetty," which Richardson claimed to the trial court referred to "fettuccine" or "the use of money." (T. 23).

{¶11} The trial court sentenced Richardson to serve the following prison term:

Count Three: a stated prison term of 12 months;

Count Four: a stated prison term of 36 months; and

Count Five: a stated prison term of 36 months.

{¶12} The counts were to be served consecutively for an aggregate prison term of 84 months. The trial court sentenced Richardson to six months in prison in Case No. CR2022-0431, which would be served consecutively. It found that consecutive sentences were necessary to protect the public and punish the offender, and consecutive sentences were not disproportionate to the seriousness of the conduct and the danger posed to the public. Also, Richardson's history of criminal conduct demonstrated consecutive sentences were necessary to protect the public from future crime. (T. 31).

{¶13} The trial court further found that Richardson was on post release control in Franklin County Common Pleas Court Case No. 18CR6305. The trial court found Richardson was no longer amenable to post release control and terminated the same. It imposed the remainder of the time left on post release control to be served in prison, consecutively to the 84-month prison term.

{¶14} It is from this sentencing that Richardson now appeals.

**ASSIGNMENT OF ERROR**

{¶15} Richardson raises one Assignment of Error:

{¶16} "I. SHOULD THIS COURT REVERSE THE TRIAL COURT'S DECISION TO IMPOSE A MAXIMUM SENTENCE ON EACH COUNT IN CASE CR2022-0228 TO RUN CONSECUTIVE; AND, ON CASE CR2022-0431 A 6 MONTH SENTENCE TO RUN CONSECUTIVE TO CASE 0228, PLUS AN ADDITIONAL 1 YEAR OF PRC TIME; BECAUSE, THE SENTENCE WAS IN CONTRAVENTION OF THE SENTENCING STATUTES R.C. §2929.11 AND R.C. §2929.12?"

**ANALYSIS**

{¶17} In his sole Assignment of Error, Richardson contends the trial court erred as a matter of law as to sentencing. Specifically, Richardson asserts the trial court failed to properly consider the sentencing factors set forth in R.C. 2929.11 and R.C. 2929.12. We disagree.

{¶18} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Davis*, 5th Dist. Tuscarawas No. 2021 AP 12 0034, 2022-Ohio-2397, 2022 WL 2678616, ¶ 9 citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides that we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to

law. *Davis*, 2022-Ohio-2397, ¶ 9; *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶ 28.

{¶19} R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. The Ohio Supreme Court further elucidated in *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10, "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12."

{¶20} In *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, the Ohio Supreme Court clarified its holding in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649:

> The narrow holding in *Jones* is that R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *See Jones* at ¶ 31, 39. Nothing about that holding should be construed as prohibiting appellate review of a sentence when the claim is that the sentence was improperly imposed based on impermissible considerations -- i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. Indeed, in *Jones*, this court made clear that R.C. 2953.08(G)(2)(b) permits appellate courts to reverse or modify sentencing decisions that are "'otherwise contrary to law.'" *Jones* at ¶ 32, quoting R.C. 2953.08(G)(2)(b). This court also recognized that "otherwise contrary to

law" means "'in violation of statute or legal regulations at a given time.'" *Id.* at ¶ 34 quoting Black's Law Dictionary 328 (6th Ed.1990). Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law. Claims that raise these types of issues are therefore reviewable.

*Bryant*, 2022-Ohio-1878, ¶22.

{¶21} R.C. 2929.11(A) outlines the "the overriding purposes of felony sentencing," which are to "protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.12 details factors relating to the seriousness of an offender's conduct, the likelihood of recidivism, service in the Armed Forces, and the purposes and principles of sentencing.

{¶22} A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial court record, including any oral or written statements and presentence investigation reports. R.C. 2953.08(F)(1) through (4). Although a court imposing a felony sentence must consider the purposes of felony sentencing under R.C. and the sentencing factors under R.C. 2929.12, "neither R.C. 2929.11 nor quires [the] court to make any specific factual findings on the record." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Under established law, a "trial court has

full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. Sullens*, 5th Dist. Muskingum No. CT2021-0068, 2022-Ohio-2305, ¶ 15 quoting *State v. King*, 2nd Dist. Clark App. Nos. 2012–CA–25, 2012-CA-26, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45.

{¶23} The record demonstrates that the trial court imposed prison terms in this case which were within the statutory range and the trial court specifically considered the requisite statutory factors in R.C. 2929.11 and R.C. 2929.12 when it fashioned Richardson's aggregate sentence. The trial court reviewed the presentence investigation report. The trial court noted Richardson's criminal history and substantial record of disobedience while in prison and on post release control. The trial court spoke to Richardson about the March 29, 2022 incident where the one-year-old child turned blue after ingesting fentanyl and had to be revived with NARCAN. While Richardson and the child tested positive for fentanyl and Richardson exchanged text messages about purchasing fentanyl, Richardson denied to the trial court there was fentanyl in the house. In his appeal, Richardson states the trial court failed to consider that while the child accidentally ingested fentanyl, Richardson had also explained to the trial court how he had taken steps to remove his children from gang violence.

{¶24} The trial court imposed a sentence different from the parties' joint recommended sentence, but it was within the trial court's discretion to do so. Based upon the record of the sentencing hearing, we find the trial court's imposition of sentence was not contrary to law.

{¶25} Richardson's sole Assignment of Error is overruled.

**CONCLUSION**

{¶26} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.