[Cite as *State v. Goins*, 2025-Ohio-160.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. CT2024-0083 |
| | : | |
| BRANDON GOINS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Muskingum County
                             Court of Common Pleas, Case No.
                             CR2024-0060


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      January 17, 2025


APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

JOSEPH A. PALMER                       CHRIS BRIGDON
MUSKINGUM CO. PROSC. OFFICE            8138 Somerset Road
27 North Fifth St., P.O. Box 189       Thornville, OH 43076
Zanesville, OH 43702

*Delaney, P.J.*

{¶1} Appellant Brandon Goins appeals from the July 17, 2024 Entry of the Muskingum County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} The following statement of fact is adduced from appellee's statement at appellant's change-of-plea hearing on May 29, 2024.

{¶3} Officers responded to a residence for a call of a man with a gun; the caller advised appellant was armed and kicking the front door of the residence. Upon arrival, officers spotted appellant on the front porch and he fled the scene. Police spoke to the residents and learned appellant demanded sex from them and they refused, leading to an argument. Appellant discharged a weapon into the floor of the residence, which the occupants took as a direct threat.

{¶4} Appellant was charged with one count of having weapons while under disability, a felony of the third degree, and two counts of aggravated menacing, both misdemeanors of the first degree. Appellant opted to enter pleas of guilty and the trial court ordered a presentence investigation. The trial court imposed a maximum sentence of 36 months upon the felony count, to be served concurrently with two terms of 180 days each on the misdemeanors, for a total aggregate sentence of 36 months.

{¶5} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶6} "SHOULD THIS COURT REVERSE THE TRIAL COURT'S DECISION TO IMPOSE A MAXIMUM SENTENCE ON COUNT I, HAVING WEAPONS UNDER

DISABILITY, BECAUSE THE SENTENCE WAS IN CONTRAVENTION OF THE SENTENCING STATUTES R.C. 2929.11 AND R.C. 2929.12?"

**ANALYSIS**

{¶7} In his sole assignment of error, appellant contends the trial court failed to properly consider the sentencing factors set forth in R.C. 2929.11 and R.C. 2929.12. We disagree.

{¶8} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Davis*, 2022-Ohio-2397, ¶ 9 (5th Dist.) citing *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). R.C. 2953.08(G)(2) provides that we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Davis*, 2022-Ohio-2397, ¶ 9; *see also, State v. Bonnell*, 2014-Ohio-3177, ¶ 28.

{¶9} R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones*, 2020-Ohio-6729, ¶ 39. The Ohio Supreme Court further elucidated in *State v. Toles*, 2021-Ohio-3531, at ¶ 10, "R.C. 2953.08, as amended, precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12."

{¶10} In *State v. Bryant*, 2022-Ohio-1878, the Ohio Supreme Court clarified its holding in *Jones*, supra, stating:

The narrow holding in *Jones* is that R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *See Jones* at ¶ 31, 39. Nothing about that holding should be construed as prohibiting appellate review of a sentence when the claim is that the sentence was improperly imposed based on impermissible considerations -- i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. Indeed, in *Jones*, this court made clear that R.C. 2953.08(G)(2)(b) permits appellate courts to reverse or modify sentencing decisions that are "otherwise contrary to law." *Jones* at ¶ 32, quoting R.C. 2953.08(G)(2)(b). This court also recognized that "otherwise contrary to law" means "in violation of statute or legal regulations at a given time." *Id.* at ¶ 34 quoting Black's Law Dictionary 328 (6th Ed.1990). Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law. Claims that raise these types of issues are therefore reviewable.

*State v. Bryant*, 2022-Ohio-1878, ¶ 22.

{¶11} R.C. 2929.11(A) outlines the "the overriding purposes of felony sentencing," which are to "protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum

sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.12 details factors relating to the seriousness of an offender's conduct, the likelihood of recidivism, and the purposes and principles of sentencing.

{¶12} A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial court record, including any oral or written statements and presentence investigation reports. R.C. 2953.08(F)(1) through (4). Although a court imposing a felony sentence must consider the purposes of felony sentencing under R.C. and the sentencing factors under R.C. 2929.12, "neither R.C. 2929.11 nor quires [the] court to make any specific factual findings on the record." *Jones*, 2020-Ohio-6729, ¶ 20, citing *State v. Wilson*, 2011-Ohio-2669, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000). Under established law, a "trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. Sullens*, 2022-Ohio-2305, ¶ 15 (5th Dist.), internal citations omitted.

{¶13} The record demonstrates that the trial court imposed a prison term within the statutory range for a felony of the third degree and specifically considered the requisite statutory factors in R.C. 2929.11 and R.C. 2929.12 when it fashioned appellant's sentence. In the instant case, the significant factor for the trial court was appellant's three prior convictions for the same offense of having weapons while under disability. The trial court noted appellant forfeited his right to have a weapon many times over, and yet continues to be found with weapons. T. 15. Appellant also had previous probation violations and an admitted drug problem.

{¶14} The trial court imposed a maximum sentence upon the single felony count and it was within the trial court's discretion to do so. Based upon the record of the change- of-plea and sentencing hearings, we find the trial court's sentence was not contrary to law.

{¶15} Appellant's sole assignment of error is overruled.

## CONCLUSION

{¶16} Appellant's sole assignment of error is overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Hoffman, J., .and

Baldwin, J., concur.